## GRIDLEY v. ROGERS.

### No. 8085.

Circuit Court of Appeals, Ninth Circuit.

May 5, 1936.

Ray Manwell and Arthur J. DeLorimier, both of Marysville, Cal., for appellant.

W. E. Davies, of Marysville, Cal., for appellee.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

PER CURIAM.

Appellant was adjudged a bankrupt April 12, 1935. On August 15, 1935, he

received $2,019 from the United States by reason of contract with the Secretary of Agriculture under the Agricultural Adjustment Act (48 Stat. 31). The trial court held that this money was paid in connection with the crop arrangement made between the bankrupt and the Secretary of Agriculture for the year 1934, and that although payable to the bankrupt when his 1935 crop was planted it had been fully earned at the time of bankruptcy and was therefore part of the bankrupt's estate. On the other hand, the bankrupt claims that the money was payable when he planted his crop in 1935 and wholly by reason of his activities after the adjudication in bankruptcy and consequently was his property earned after bankruptcy. The question is whether there was a property right in the bankrupt at the time of the adjudication of bankruptcy which passed by operation of law to the trustee in bankruptcy. It seems a sufficient answer to this question to say that the Agricultural Adjustment Acts was unconstitutional and void, that contracts made in pursuance thereof were unauthorized and void (United States v. Butler, 297 U.S. 1, 56 L.Ed. 312, 80 L. Ed. ——), and, consequently, nothing was due to bankrupt by reason of this invalid contract at the time of his bankruptcy.

Reversed.